UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STEVEN JAY PINCUS HUETER**,<br><br>Plaintiff,<br><br>v.<br><br>**LEALAIALOA FRITZ MICHAEL KRUSE**, *et al.*,<br><br>Defendants. | Case No. 1:20-cv-03686 (TNM) |

**MEMORANDUM OPINION**

Plaintiff Steven Jay Pincus Hueter, proceeding *pro se*, sues Acting Secretary of the Interior Scott de la Vega and the Chief Justice of American Samoa ("Federal Defendants"), as well as several officials of the American Samoa Government ("ASG Defendants"). *See* First. Am. Compl. at 3–6, ECF No. 6; Federal Defs.' Mem. in Supp. of Mot. to Dismiss and Opp'n to Pl.'s Mot. for TRO and Prelim. Inj. ("Federal Defs.' Mem.") at 5, ECF No. 22-1; Opp'n of American Samoa Government Defs. to Pl.'s Mot. for TRO and Prelim. Inj. ("ASG Defs.' Mem.") at 3, ECF No. 25.[1] Hueter claims that the American Samoa Government's restrictions in response to the COVID-19 pandemic have violated his constitutional rights. *See, e.g.*, First Am. Compl. at 7–10.

Before the Court is Hueter's Motion for a Temporary Restraining Order and Preliminary Injunction. *See* Pl.'s Mot. for TRO and Prelim. Inj. ("Pl.'s Mot."), ECF No. 14. The Court construes Hueter's emergency motion as seeking relief from the American Samoa Government's January 30, 2021 Emergency Declaration, *see id.* at 8–9, which—as relevant here—prohibited

---

[1] All page citations refer to the page numbers that the CM/ECF system generates.

"[p]ublic gatherings" "between the hours of 12 midnight and 5am." Federal Defs.' Mem. Ex. 2 at 4 ECF No. 22-3. The Declaration also allowed business to operate only "from 5am to 12 midnight," but exempted "StarKist and its direct documented business affiliates, water production, and oxygen gas production." *Id.* Hueter argues that the January 30, 2021 Declaration violated his "First Amendment freedoms" and prevented him from attending church "after 9PM or after 12AM midnight and before 5AM," while allowing "Starkist and its documented business affiliates . . . to go to work." Pl.'s Mot. at 7. He asks the Court to enjoin Defendants "from enforcing and prosecuting the provisions of the [January 30, 2021 Declaration]." *Id.* at 8–9.

To be sure, government restrictions that prevent attendance at religious services can "strike at the very heart of the First Amendment's guarantee of religious liberty." *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 68 (2020). Indeed, the "instinct to protect religious freedom has roots that predate the Constitution." *Capitol Hill Baptist Church v. Bowser*, No. 20-cv-02710-TNM, 2020 WL 5995126, at *4 (D.D.C. Oct. 9, 2020); *see also* James Madison, *Memorial and Remonstrance Against Religious Assessments* (June 20, 1785), *in* SELECTED WRITINGS OF JAMES MADISON 21, 22 (Ralph Ketcham ed., 2006) ("The Religion then of every man must be left to the conviction and conscience of every man; and it is the right of every man to exercise it as these may dictate.").

Perhaps in response to Hueter's filings, the American Samoa Government issued a new Emergency Declaration on February 19, 2021 to provide the relief that Hueter seeks here. Federal Defs.' Mem. at 9. Specifically, it now provides: "Public gatherings, *except for religious services*, are prohibited between the hours of 12 midnight and 5am." Federal Defs.' Mem. Ex. 4

at 4, ECF No. 22-5 (emphasis added).[2]   Hueter's request for a temporary restraining order and injunction enjoining the American Samoa Government from enforcing its January 30, 2021 Emergency Declaration is thus moot.[3]   *Cf. Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016), *as revised* (Feb. 9, 2016) (explaining that Article III requires that "an actual controversy be extant at all stages of review" (cleaned up)).   Hueter is asking for injunctive relief from restrictions that have been superseded.   In short, he has obtained the relief he seeks in this emergency posture.

Hueter's Motion for a Temporary Restraining Order and Preliminary Injunction will

---

[2]   While Hueter appears to object to the Government's February 19, 2021 Declaration in his other filings, those arguments largely stem from Hueter's later-filed second-amended complaint.   *See* ECF No. 43.   The Court here deals solely with Hueter's request for emergency relief, which the Court construes as being particularly focused on Hueter being prevented from attending church "after 12AM midnight and before 5AM."   Pl.'s Mot. at 7.

[3]   The Federal Defendants and American Samoa Defendants raise various other infirmities in Hueter's claims.   The Court need not consider these arguments now, given the need to decide Hueter's emergency motion promptly.

therefore be denied as moot.[4]   A separate Order will issue.


Dated: February 26, 2021                                           TREVOR N. McFADDEN, U.S.D.J.

---

[4]   Hueter has also filed a "Request for a Hearing on Plaintiff's Motion with Authorities for Temporary Restraining Order and Preliminary Injunction to Stop Violation of Constitutional Rights."  *See* ECF No. 60.   Although Hueter's proposed order accompanying this request references his second-amended complaint, *see* ECF No. 60-1 at 2, the Court construes it as requesting a hearing on his motion for a temporary restraining order and preliminary injunction. His request for a hearing states that he "requests a Hearing on Plaintiff's Motion For a Temporary Restraining Order ('TRO') And A Preliminary Injunction ('PI')."  ECF No. 60.  And the title of his request for a hearing refers to almost the exact title of his motion for a temporary restraining order and preliminary injunction.  *See* Pl.'s Mot. at 1 (titled "Motion with Authorities for Temporary Restraining Order and for Preliminary Injunction to Stop Violation of Constitutional Rights").   Thus, Hueter's request for a hearing will be denied as moot.