UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STEVEN JAY PINCUS HUETER**,<br><br>Plaintiff,<br><br>v.<br><br>**LEALAIALOA FRITZ MICHAEL KRUSE**, *et al.*,<br><br>Defendants. | Case No. 1:20-cv-03686 (TNM) |

## MEMORANDUM ORDER

Plaintiff Steven Jay Pincus Hueter, proceeding *pro se*, sues over 70 defendants, including federal and American Samoa government officials. *See* Third Am. Compl. at 11–20, ECF No. 104.[1] He mainly challenges government actions related to the COVID-19 pandemic. *See generally id.* Before the Court is Hueter's request to file a Fourth Amended Complaint. *See* Pl.'s Mot. for Leave to File Fourth Am. Compl. ("Pl.'s Mot."), ECF No. 95. He proposes adding many new claims and defendants. Because Hueter's proposed amendments are futile, the Court will deny his motion.

## I.

Federal Rule of Civil Procedure 15 governs amended pleadings. Once a party has amended its pleading once as of right, it "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 provides that "[t]he court should freely give leave when justice so requires." *Id.* With that said, "the Court may deny a

---

[1] All page citations refer to the page numbers that the CM/ECF system generates.

motion to amend if such amendment would be futile." *De Sousa v. Dep't of State*, 840 F. Supp. 2d 92, 113 (D.D.C. 2012). "An amendment would be futile if it . . . fails to state a legal theory, or could not withstand a motion to dismiss." *Id.*

The Court is mindful that Hueter is proceeding *pro se*. As a general matter, "[p]ro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings." *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993). Indeed, the Court has allowed Hueter wide latitude to amend his complaint several times already. Ultimately, though, "the grant or denial of leave to amend is committed to a district court's discretion." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

## II.

At this point, the Court addresses only the claims and arguments newly raised in Hueter's proposed Fourth Amended Complaint: (1) that Defendants have discriminated and conspired against him in violation of 18 U.S.C. §§ 241–42; (2) that he is entitled to declaratory relief against judicial officials in American Samoa under the Declaratory Judgment Act; (3) that Defendants have violated the False Claims Act; (4) that F. Michael Kruse, Chief Justice of American Samoa, has injured him under 28 U.S.C. § 351; and (5) that several newly added Defendants improperly used CARES Act funds. *See, e.g.*, Pl.'s Proposed Fourth Am. Compl. at 32–35, 116, ECF No. 95-1. None would survive a motion to dismiss.

*First*, Hueter's claims under 18 U.S.C. §§ 241 and 242 fail because there is no private right of action under these criminal statutes. *See, e.g.*, *McCray v. Holder*, 391 F. App'x 887, 888 (D.C. Cir. 2010) (per curiam) (concluding that "district court correctly held that there is no private right of action under 18 U.S.C. §§ 241 and 242"); *Rockefeller v. U.S. Ct. of Appeals Off., for Tenth Cir. Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) ("[T]he plaintiff is precluded from

asserting any claims pursuant to 18 U.S.C. §§ 242 and 371 because, as criminal statutes, they do not convey a private right of action.").

*Second*, judicial immunity bars Hueter's claims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02. Hueter brings these claims against "Defendants Justices and Judges of the Judiciary of American Samoa," Proposed Fourth Am. Compl. at 34, demanding relief for violations of his constitutional rights which occurred during judicial proceedings before the American Samoan courts. *See id.* But these "necessarily arose in the context of [the judges'] rulings and determinations in Plaintiff's various cases before them." *Jenkins v. Kerry*, 928 F. Supp. 2d 122, 134 (D.D.C. 2013). And "such claims are not cognizable because a judge acting in his or her judicial capacity—*i.e.,* performing a function normally performed by a judge—is immune from suit on all judicial acts, as long as the judge was not acting in the complete absence of jurisdiction." *Id.* (cleaned up); *Fogle v. Walton-Pratt,* 318 F. Supp. 3d 114, 119 (D.D.C. 2018) (same). The declaratory relief Hueter requests "is instead available by way of a direct appeal of the judge's order." *Jenkins,* 928 F. Supp. 2d at 135; *cf. Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986) ("Challenges to rulings made during the course of judicial proceedings should be made by appeal in those cases.").

*Third*, Hueter is not qualified to pursue claims under the False Claims Act ("FCA"). The FCA, *see* 31 U.S.C. §§ 3729–32, "is an anti-fraud statute that prohibits the knowing submission of false or fraudulent claims to the federal government," *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 640 (6th Cir. 2003). The statute authorizes a private individual, as a relator, "to bring [a *qui tam*] action in the Government's name, and to recover a portion of the proceeds of the action, subject to the requirements of the statute." *U.S. ex rel. Batiste v. SLM Corp.*, 659 F.3d 1204, 1206 (D.C. Cir. 2011) (cleaned up).

"[P]*ro se* parties may not pursue [*qui tam*] actions on behalf of the United States." *Walker v. Nationstar Mortg. LLC*, 142 F. Supp. 3d 63, 65 (D.D.C. 2015); *Yellen v. U.S. Bank, Nat'l Ass'n,* 301 F. Supp. 3d 43, 49 (D.D.C. 2018) (same).  The United States is "the real party in interest" in such an action, "and a *pro se* plaintiff is not qualified as a lay person to represent the interests of the United States in court proceedings." *Cobb v. California*, No. 15-cv-176, 2015 WL 512896, at *1 (D.D.C. Feb. 4, 2015) (cleaned up); *accord Jones v. Jindal*, 409 F. App'x 356 (D.C. Cir. 2011) (per curiam) (affirming dismissal of qui tam complaint "because a pro se plaintiff may not file a *qui tam* action pursuant to the False Claims Act").  Hueter appears to acknowledge as much.  *See, e.g.*, Pl.'s Reply in Supp. of Mot. for Leave to File Fourth Am. Compl. at 44, ECF No. 112 ("Plaintiff's Qui Tam claims, when represented by Counsel . . . may be separated as a distinct Complaint, and substantially succeed to state a claim upon which relief can be granted . . . .").

*Fourth*, 28 U.S.C. § 351 does not apply.  Hueter alleges that Chief Justice Kruse injured him, but the statute on which he relies applies to federal courts, not legislative ones.  *See* 28 U.S.C. § 351(d) (defining "judge" to "mean[] a circuit judge, district judge, bankruptcy judge, or magistrate judge").  And in any event, the statute does not create a private cause of action.  Rather, it provides a procedure by which persons "may file with the clerk of the court of appeals for the circuit a written complaint" about a federal judge's conduct.  *Id.* § 351(a); *cf. Ponton v. U.S. Ct. of Appeals*, No. 10-cv-2213-JBS, 2011 WL 1045035, at * 3 (E.D. Pa. Mar. 22, 2011) ("To recognize Plaintiff's claim of a right to prosecute a disciplinary case against a judicial officer would be to convert a general procedural statute for court administration into a private right of action, which is something the Congress has not done in 28 U.S.C. § 351").

*Finally*, Hueter lacks standing to pursue claims against two companies and individuals associated with them for their alleged misappropriation, misuse, or failure to return CARES Act funds. Proposed Fourth Am. Compl. at 116; *see also id.* at 28–30 (naming new defendants).

The jurisdiction of federal courts is limited to deciding "Cases" and "Controversies." U.S. Const. art. III, § 2. It is a plaintiff's burden to show "that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct and is likely to be redressed by a favorable judicial decision." *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013). The Supreme Court has explained that "a grievance that amounts to nothing more than an abstract and generalized harm to a citizen's interest in the proper application of the law does not count as an injury in fact." *Carney v. Adams*, 141 S. Ct. 493, 498 (2020) (cleaned up); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 556 (1992) ("this Court has consistently held that a plaintiff claiming only a generally available grievance about government, unconnected with a threatened concrete interest of his own, does not state an Article III case or controversy").

Hueter's CARES Act claims amount to generalized grievances "held in common by all members of the public." *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 220 (1974). He does not connect the alleged conduct of these proposed defendants to "a threatened concrete interest of his own." *Lujan*, 504 U.S. at 556. It does not matter how sincerely Hueter believes he has been wronged; if he seeks relief that "no more directly and tangibly benefits him than it does the public at large—[he] does not state an Article III case or controversy." *Hollingsworth*, 570 U.S. at 706.[2]

---

[2] As much as Hueter raises CARES Act claims against other proposed new defendants in the Fourth Amended Complaint, they would also be futile. For example, if he alleges that the newly added judicial officials improperly benefited from CARES Act funds, *see, e.g.*, Proposed Fourth Am. Compl. at 34, those allegations would likewise fail for lack of standing (assuming that judicial immunity did not separately bar such claims).

If Hueter's proposed Fourth Amended Complaint can be construed as raising additional claims, they too would fail. For example, he alludes to "a conspiracy to permit human trafficking" and the allegedly illegal issuance of identification cards, *see* Proposed Fourth Am. Compl. at 111, but he does not rely on any statute in particular or allege sufficient facts from which an agreement could be inferred, *cf. Barr v. Clinton*, 370 F.3d 1196, 1200 (D.C. Cir. 2004) ("Among other things, section 1985 plaintiffs must allege the elements of civil conspiracy, including: an agreement to take part in an unlawful action or a lawful action in an unlawful manner." (cleaned up)). Such claims also appear to be the same type of generalized grievances for which Hueter would lack standing. *See Lujan*, 504 U.S. at 556.

* * *

The Court will therefore deny Hueter's motion for leave to file the Fourth Amended Complaint as futile. This Order addresses *only* the claims Hueter raised for the first time in the proposed Fourth Amended Complaint. The operative pleading—the Third Amended Complaint—may suffer from the same or similar infirmities, leaving aside for now Defendants' personal jurisdiction and abstention arguments, *see, e.g.*, Fed. Defs.' Opp'n to Pl.'s Mot. for Leave at 24–26, ECF No. 96; Am. Samoa Defs.' Opp'n to Pl.'s Mot. for Leave at 35–56, ECF No. 97, which the Court finds persuasive. Defendants may renew these arguments and any other argument previously raised in their responses to the Third Amended Complaint.

### III.

For all these reasons, and upon consideration of the briefing, relevant law, and the entire record of the case, it is hereby

**ORDERED** that the Plaintiff's [95] Motion for Leave to File a Fourth Amended Complaint is DENIED. It is further

**ORDERED** that the Defendants shall respond to Plaintiff's [104] Third Amended Complaint on or before August 10, 2021.

**SO ORDERED**.

Dated: July 20, 2021                                                    TREVOR N. McFADDEN, U.S.D.J.